EBEN B. WAITE, *et al.*, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Court of Appeals, June* 26, 1888.

Affirming same case, 39 Hun, 655, Mem.

1. *Negligence. Recovery put on different ground.*—Where, in an action to recover for delay in the delivery of a boiler, the complaint explicitly alleged, and the answer denied, negligence, and plaintiff's proofs were almost entirely as to defendant's negligence, and defendant's motion for a nonsuit was on the ground that no cause of action was proved, the plaintiff was in no respect surprised or misled by, and had no just reason to complain of, the action of the court in submitting, on holding that there was no contract, the question of negligence to the jury.

2. *Same.*—Facts in this case were held to furnish sufficient evidence of negligence to go to the jury.

3. *Evidence. Letters.*—Letters of a third person, narrative of a past occurrence, though in answer to letters from defendant's agents, are simply unsworn statements, and not admissible in evidence in favor of defendant.

Action to recover damages for delay in the delivery of a boiler shipped to the plaintiffs from Boston.

Appeal from a judgment of the general term of the supreme court, affirming a judgment in favor of plaintiff, entered upon a verdict.

*C. D. Prescott*, for appellant.

*Hadley Jones*, for respondent.

FINCH, J.—This action was brought to recover damages for delay in the delivery of a boiler shipped to the plaintiffs from Boston. Their recovery, which was sustained by the general term, is resisted here, mainly upon two grounds.

It is claimed that the action was upon an express con-

tract; that whether such contract did or did not exist was the point in controversy; that at the close of the evidence the court ruled that no contract had been established; and then for the first time put the case upon the ground of the defendant's duty as a carrier and submitted to the jury the question of negligence in the performance of that duty. It is added that the defendant corporation was not prepared and had no opportunity to contest that new issue and it was error to introduce it into the controversy. The history of the trial does not sustain this contention. The complaint explicitly alleged that the defendant was a common carrier and " so negligently and carelessly conducted," and " so misbehaved in its calling as a common carrier," as to have occasioned the delay and injury which the plaintiffs suffered. The answer not only denies the negligence alleged but avers that the delay was due to the careless and negligent conduct of the Boston and Albany Railroad Company, over whose line the property was transported from Boston and by whom it was delivered to the defendant to be further carried over its road to Little Falls. Very early in the trial and before the evidence had at all developed the facts, the defendant's counsel, in objecting to a question put, declared " this is simply a question between these two roads as to who made the mistake." As the trial proceeded the plaintiffs' proofs were devoted almost entirely to the question of the defendant's negligence as a carrier, and among the plentiful objections taken, no one was put upon the ground that no such issue was fairly involved in the case. When the inquiry as to damages was reached, the defendant's counsel interposed and moved for a nonsuit on the general ground that no cause of action was proved and renewed that motion at the close of the evidence upon the ground: *First,* that no contract had been established; and, *Second,* " that in an action like this, for a delay merely in the delivery of freight, the ordinary rule in regard to being insurers as against everything but the act of God and

the public enemy does not pertain; and any excuse which shows that they employed reasonable diligence is all that is necessary."

And when in answer to that motion the court held in defendant's favor in respect to a contract but submitted the question of negligence to the jury the counsel for the railroad company excepted because no negligence had been proved and upon the whole evidence could not be said to exist. Upon these facts it is entirely clear that the defendant was in no respect surprised or misled and has no just reason to complain of the action of the court.

The next contention is that upon the facts the defendant was shown to have exercised reasonable care and was not chargeable with negligence. I think that was quite certainly a question for the jury. The way-bill of the property reached the agent of the Boston and Albany road at its terminus in East Albany on the eleventh of September, and on that day was sent by messenger to the agent of the defendant who thereafter forwarded it to the freight agent at Little Falls, who received it the next day.

That way-bill, dated September tenth, was " of merchandise from Boston to Little Falls ; " specified the car as " B. and A., 2390; " named the plaintiffs as consignees; described the property as machinery; and fixed the amount of freight chargeable by each road. The property arrived on September thirteenth, and was by the Boston and Albany agents unloaded from car 2390, together with some other machinery consigned to East St. Louis, and transferred to defendant's car numbered 20126. That car was taken across the bridge and to West Albany, and there taken out of the train and held for want of a conductor's slip or other evidence of its destination. On the fourteenth or fifteenth of September, Ingraham, who represented the Boston and Albany, sent to J. J. Jones, the dispatch agent of the defendant, a notice which is in this form : " 2390, B. and A., Boston to E. St. Louis, 10, transferred to 20126 N. Y. C."

So that before the machinery left West Albany the defendant knew that it had been sent from Boston on car 2390 ; had arrived at East Albany; had been transferred to car 20126 ; and was waiting at West Albany for further direction ; or if the defendant did not know all these facts, its agents had full means of knowledge in their possession or spread upon their records, and it was their business to know and not carelessly and without examination, send car 20126 to East St. Louis, loaded in part with the freight which should have stopped at Little Falls. It may be that the Boston and Albany road was partly in fault for the mistake, but it was fairly a question for the jury whether the defendant was not negligent in shutting its eyes to its own means of knowledge, which it was its duty and business to utilize and employ. If the system of transfers adopted admits of such mistakes, both roads should reorganize the system.

A further exception is argued, growing out of the refusal by the court to admit in evidence certain letters written by the agents of the Boston and Albany, in answer to letters from the agents of the defendant. This correspondence is among the exhibits attached to the case. The first letter of Ingraham was dated October seventeenth, and the second October twenty-seventh. Both were written long after the mistake had occurred ; the first on the day the property finally reached Little Falls, and the second, ten days later ; and both were the unsworn statements narrative of a past occurrence of the agents of the Boston and Albany road, which last was not a party to the action. They were not admissible, but if they had been, they would have been badly damaging to the defendant, for not only do they tend to fasten the charge of negligence upon the defendant, but do it so forcibly and with so much reason, that at the close of the correspondence their offer to bear a part of the loss seems at least liberal and fair.

Several objections were taken to the admission and rejec-

tion of evidence, and to the charge of the court, but do not seem to us well founded.

The judgment should be affirmed with costs.

All concur.